

Brian K. Bates, Dallas, Tex., for petitioners.

Wm. F. Smith, Atty. Gen., Dept. of Justice, Lawrence Lippe, Chief, Gen. Lit. & Legal Advice Sect., Charles E. Hamilton, III, Eileen A. Carty, Washington, D.C., for respondent.

Edwin Chauvin, Jr., New Orleans, La., Ronald Chandler, I.N.S., Dallas, Tex., for other interested parties.

**Carmen de Jesus LEMUS de Avelar and Irma Lemus, Petitioners,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 84–4102**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 14, 1984.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

TATE, Circuit Judge:

The petitioners, two citizens of El Salvador who purportedly entered the United States "without inspection," seek review of the order of the Immigration Judge, later affirmed by the Board of Immigration Appeals, denying the petitioners' request for relief of asylum and withholding of deportation under section 243(h) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h)(1).

In their petition for review, the petitioners contend that the board erred in requiring that they establish to avoid deportation under section 243(h),[1] a "clear probability"

---

1. Section 243(h) of the Immigration and Nationality Act, as amended in 1980, provides:

"The Attorney General shall not deport or return any alien ... to a country if the Attorney General determines that such alien's life

of persecution, *Rejaie v. Immigration and Naturalization Service*, 691 F.2d 139, 146 (3d Cir.1982), rather than merely a "well-founded fear" of persecution, which latter standard they contend Congress, by enacting the Refugee Act of 1980, intended to make applicable to cases involving the withholding of deportation under section 243(h). The petitioners rely heavily upon the reasoning and conclusion to this effect of the Second Circuit in *Stevic v. Sava*, 678 F.2d 401, 408–09 (5th Cir.1982).

However, the Supreme Court granted certiorari in *Stevic*, 460 U.S. 1010, 103 S.Ct. 1249, 75 L.Ed.2d 479 (1983), and, resolving a conflict between the circuits, reversed the Second Circuit and rejected its analysis in *Immigration and Naturalization Service v. Stevic*, — U.S. —, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). With specific reference to the issue before us, the Court held that " 'the clear probability of persecution' standards remains applicable to § 243(h) withholding of deportation claims." — U.S. at —, 104 S.Ct. at 2501.

As we apprehend the petitioners' argument, their sole contention of error is that, however articulated, both the immigration judge and the board required them to establish "a clear probability of persecution" before deportation would be withheld under section 243(h). If the board indeed did so,[2] the Supreme Court's decision in *Stevic* renders this contention meritless. Nor do we understand the petitioners to contend that their proof established a "clear probability of persecution" so as to justify withholding of deportation under the statutory provision.

Accordingly, finding no merit to the petitioners' contention, we AFFIRM.

AFFIRMED.

---

or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1253(h)(1) (1980).

2. The board also held that, even if a lesser standard of "good reason" or "realistic likelihood" were applied, the petitioners had failed to establish that their brother's occupation as a soldier will result in their persecution within

the meaning of the Act. We need not reach these determinations, since no contention of error as to them is raised.